IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EPISTAR CORPORATION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-mc-107-D-BN |
| LOWE'S COMPANIES, INC., ET AL., | § § § | |
| Defendants. | § § § | |
| | § § | |
| ZHEJIANG YANKON GROUP CO., LTD., | § § § § | |
| Movant. | § § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING MOTION**

Non-party Zhejiang Yankon Group Co. Ltd. ("Zhejiang Yankon") has appeared specially and filed a Motion to Transfer or Quash Subpoena *Duces Tecum* from Epistar Corporation, *see* Dkt. No. 1 (the "Motion to Transfer or Quash"), asking the Court pursuant to Federal Rules of Civil Procedure 45(d)(3) and 45(f) to transfer venue of this Motion to Transfer or Quash or, in the alternative, quash the subpoena *duces tecum* ("Subpoena") dated November 28, 2017 issued by Epistar Corporation ("Epistar") in connection with the matter entitled *Epistar Corp. v. Lowe's Companies, Inc., et al.*, Civil Action No. 2:17-cv-03219 (C.D. Cal.) (the "Underlying Case"), pending in the United States District Court for the Central District of California.

-1-

United States District Sidney A. Fitzwater referred the Motion to Transfer or Quash to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 2.

Epistar opposes transferring the Motion to Transfer or Quash or quashing the Subpoena, *see* Dkt. Nos. 6 & 8, and Zhejiang Yankon has filed a reply in support of its alternative requests for relief, *see* Dkt. No. 17.

**Background**

In its motion, Zhejiang Yankon asserts that its motion should be transferred under Federal Rule of Civil Procedure 45(f) to the Central District of California, where the Underlying Case is pending; that Zhejiang Yankon was not properly served with the Subpoena; that the named place of compliance is outside the geographical limits specified in Federal Rule of Civil Procedure 45; and that the Subpoena is overbroad and unduly burdensome. *See* Dkt. No. 1.

In support of its transfer request, Zhejiang Yankon "consents to transfer to the Central District of California so that the issuing court may consider the service issues, scope, and propriety of the subpoena in the context of the underlying action" and explains that "[t]his is the second version of the subpoena," that, "in response to the first subpoena, Zhejiang Yankon retained counsel in California," that "that counsel has already briefed and filed a substantially similar motion in California," and that "[e]fficiency, therefore, would suggest transfer so that the same counsel can address this issue once again." *Id.* at 5-6.

Zhejiang Yankon also argues that "adjudicating the propriety of service in this District would disrupt the issuing court's management of the underlying case"; that "Epistar has little, if any, interest in having this Motion resolved in the Northern District of Texas"; that Epistar's "counsel is located in Palo Alto and its original subpoena demanded production of documents at that location"; and that Zhejiang Yankon also has no "interest in litigating this issue in the Northern District, as it is a foreign entity operating in China." *Id.* at 6.

Finally, Zhejiang Yankon contends that, where it "objects to the Subpoena on the basis that it was not properly served," "[m]odifying the location of production to Dallas does not solve this problem, and in fact exacerbates it by requiring Zhejiang Yankon to retain counsel in both California and Texas to respond to a second improper Subpoena," where "[r]esolving this Motion [to Transfer or Quash] in this District only increases the costs and burdens, the 'prime concern' of Rule 45(f)." *Id.* (quoting FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments)). According to Zhejiang Yankon, "[g]iven the burdens and the disruption from the underlying litigation, the issuing court should decide whether it is appropriate and necessary for the litigation there to permit Epistar to subpoena the documents of a foreign third party without actually serving the subpoena pursuant to established procedures." *Id.* at 6-7.

Epistar opposes transfer, arguing that, while "Zhejiang Yankon argues that certain of the issues have already been briefed in Northern District of California and states – without explanation – that adjudicating the propriety of service in this Court would disrupt the issuing court's management of the underlying case," "[t]hese issues,

-3-

however, are tangential to the issues Zhejiang Yankon chose to bring before this Court in its" Motion to Transfer or Quash. Dkt. No. 6 at 10. According to Epistar, "[t]he central issues before this Court are whether Zhejiang Yankon was properly served and whether personal jurisdiction is proper in the Northern District of Texas"; "[t]hese issues are governed by Fifth Circuit law, and/or Texas law, and the binding law will not change if the motion is transferred"; and "[t]his Court is therefore better suited to analyze these issues than the Court presiding over the" Underlying Case. *Id.* And, Epistar contends, "Zhejiang Yankon engages in business in the state of Texas, so reasonably should have expected to be hauled into a Texas court." *Id.* (internal quotation marks omitted).

Zhejiang Yankon replies that Epistar "cites no Rule or decision making its opposition [to transfer under Rule 45(f)] relevant" and that its opposition does not "make sense, as the transferee court issued the subpoena" and "Epistar chose that court and has no reasoned basis, therefore, to object." Dkt. No. 17 at 2.

Zhejiang Yankon acknowledges that "the decision whether to transfer is within this Court's discretion" but contends that the focus of the Rule is on the burden to the responding party and the judicial process." *Id.* According to Zhejiang Yankon, "even when the moving third-party seeking to quash opposes transfer, courts have found that transfer to the court considering discovery as a whole may be preferred," and, "[t]herefore, Epistar's apparent preference for the discovery rules of this Court is not a proper ground to oppose transfer to the court with direct knowledge of relevance,

proportionality, and the needs of the case under Federal Rule of Civil Procedure 26(b)(1)." *Id.* at 3.

Zhejiang Yankon asserts that "Epistar first improperly served a subpoena on Zhejiang Yankon's subsidiary requiring a response in the Northern District of California, which was withdrawn after Zhejiang Yankon hired counsel in California and filed a motion to quash" and that "Epistar then served this instant subpoena, requiring the retention of an additional law firm to respond to the improper, burdensome and overbroad discovery requests. Transfer of this issue to the court where the underlying case was filed is a sensible solution to allow Epistar's California counsel and Zhejiang Yankon's California counsel to address the procedural and substantive flaws related to the subpoena." *Id.*

## Legal Standards and Analysis

The Subpoena was properly issued by the United States District Court for the Central District of California under Federal Rule of Civil Procedure 45(a), as the court where the Underlying Case is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

The Subpoena commands Zhejiang Yankon to produce "documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material" at "Thomas Court Service c/o WSGR, 4834 Swiss Avenue, Dallas, Texas 75204." Dkt. No. 1-1 at 2 of 26. Because the Subpoena requires compliance in Dallas, Zhejiang Yankon properly filed its Motion to Transfer or Quash in this Court, which, as required by Rule 45(d)(3), is the court in the district where compliance with

-5-

the Subpoena is required. *See* FED. R. CIV. P. 45(d)(3)(A); *accord CSS, Inc. v. Herrington*, No. 3:17-mc-71-N-BN, 2017 WL 4750707 (N.D. Tex. Oct. 20, 2017).

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, the entity subject to the subpoena, Zhejiang Yankon, consents to and requests the transfer of its motion to quash the Subpoena to the Central District of California. *See* Dkt. Nos. 1 & 17.

The Court concludes that, under the circumstances presented, Plaintiff's Motion to Transfer or Quash can and should be transferred under Rule 45(f) to the United States District Court for the Central District of California.

Where Zhejiang Yankon, as "the person subject to the subpoena," "consents to transfer, [the party or non-party] seeking transfer need not show – and the Court need not find – extraordinary circumstances under Rule 45(f)." *CSS, Inc. v. Herrington*, No. 3:17-mc-71-N-BN, 2017 WL 4750707, at *3 (N.D. Tex. Oct. 20, 2017) (citing FED. R. CIV. P. 45(f); FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments); *San Juan Cable LLC v. DISH Network LLC*, Civ. A. No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015)).

In any event, the Court concludes that transfer is warranted and appropriate here because, among other reasons, Plaintiff's motion to quash the Subpoena is based in part of its alleged overbreadth and imposing an undue burden and on an issue of improper service as to which the court in the Underlying Case has already faced a

similar motion filed by Zhejiang Yankon's California counsel directed to the first subpoena that Epistar issued.

Further, "[t]his is not a case of a local non-party wanting its subpoena-related motion resolved in its home district." *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1-N-BN, 2017 WL 86143, at *2 (N.D. Tex. Jan. 10, 2017). Epistar's counsel and Zhejiang Yankon's counsel both reside outside of the Northern District of Texas and have been granted leave to appear without local counsel. *See* Dkt. Nos. 11, 12, 14, & 16. There is no burden on Epistar, undue or otherwise, in litigating the challenges to the Subpoena in the Underlying Case.

And, notwithstanding Epistar's expressed concerns, the court presiding in the Underlying Case can, in deciding the fully briefed Rule 45(d)(3) motion to quash, apply the appropriate law to the challenges as to personal jurisdiction and service of the Subpoena and, if it reaches Zhejiang Yankon's other arguments, will be in a relatively better position than this Court to assess Zhejiang Yankon's assertions of overbreadth and undue burden.

Finally, the Court will not, as Epistar invites it to do, assume that it would decide the motion to quash in a particular way as to personal jurisdiction in deciding the threshold issue of whether to transfer that motion to the issuing court.

**Conclusion**

Accordingly, the portion of Non-party Zhejiang Yankon Group Co. Ltd.'s Motion to Transfer or Quash Subpoena *Duces Tecum* from Epistar Corporation [Dkt. No. 1]

seeking a Rule 45(f) transfer to the United States District Court of the Central District of California is GRANTED.

Non-party Zhejiang Yankon Group Co. Ltd.'s Motion to Transfer or Quash Subpoena *Duces Tecum* from Epistar Corporation [Dkt. No. 1] [Dkt. No. 1] will be transferred and remitted to the United States District Court of the Central District of California under Federal Rule of Civil Procedure 45(f) for determination in connection with the underlying litigation, *Epistar Corp. v. Lowe's Companies, Inc., et al.*, Civil Action No. 2:17-cv-03219 (C.D. Cal.), on **January 16, 2018**, to allow any party to file an objection to Judge Fitzwater within 14 days after being serve with a copy of this order. *See* FED. R. CIV. P. 72(a). If an objection is timely filed, this order of transfer will be automatically stayed pending further order of the Court.

SO ORDERED.

DATED: December 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE